### STATE vs. KYLE.

An indictment for betting on any game prohibited by our statutes, need not allege that the game was played in the County in which the bet was made. The betting is the offence, and it matters not where the game was played.

*State* vs. *Kyle*.

### ERROR to Chariton Circuit Court.

STRINGFELLOW, Attorney General, and J. V. TURNER, *for the State*.

1st. The indictment need not allege where the *game was played*. The defendant was indicted not for the *playing* but for *betting*, and if the betting was done in the County in which the indictment was found, it is immaterial where the game was played; if it were necessary to allege that the playing as well as the betting took place in the County in which the indictment was found, the statute could be evaded by placing the players on one side of a County line, and the betters on the other; in that case the offenders would be indictable in neither County. It is clear that gaming under such circumstances would be a violation of the law, and that the betters should be indicted in the County in which the bet was made—the offence not being committed within five hundred yards of the County line.

2nd. The place of the playing *is* alleged in the indictment. It is alleged that the defendant in the County of Chariton bet, &c., on a gaming device *then and there adapted*, &c., for the purpose of playing a game of chance, &c., which is equivalent to alleging that the device was then and there *used* for that purpose, or that the game bet upon was then and there played.

3rd. The only use of a venue in an indictment is to show that the indictment was found by a grand jury having cognizance of the offence, and it is therefore unnecessary to lay a venue to any fact that it is not necessary to prove occurred within the County.

HALL *for Defendant*.

McBRIDE, J., *delivered the opinion of the Court*.

At the October Term, 1845, of the Chariton Circuit Court, Samuel B. Kyle was indicted for gaming. The Court, on the montion of the defendant, quashed the indictment, and the State thereupon prosecuted her writ of error to this Court, and now assigns for error the quashing of the indictment.

The indictment charges that the defendant " did on, &c., at the County aforesaid, bet property, to-wit: &c., upon a certain gaming device, then and there adapted, devised and designed for the purpose of playing a game of chance for money and property; that is to say upon a gaming device commonly called cards, against the peace, &c."

The reason on which the Circuit Court was asked to quash the indictment as set forth in the motion is, that it is not alleged where the gambling device was played.

The indictment charges the defendant with *betting*, which is an offence under our statute, as well as playing for money or property, and it charges very distinctly that the *betting* took place in Chariton County. Here, then, the gist of the offence is the *betting*, and it is immaterial

where the playing took place. As if the defendant should know that a game of cards, or any other prohibited game, was to be played in St. Louis at a certain time, and was to make a wager that the one or other of the players would win, or that the game would terminate in a particular manner—here would be a violation of the statute, committed in Chariton County, whilst the game would be played in St. Louis. The better residing in Chariton and making the bet there would have to be indicted in that County, whilst the players would be subject to indictment in St. Louis.

The Circuit Attorney insists that if it be necessary to allege time and place where the playing occurred, it is sufficiently laid in the indictment. It is uncertain and perhaps therefore bad, whether the words *then and there,* immediately preceding the words adapted, devised and designed, were intended to apply to the use of the gaming device, or its adaptation to such a purpose.

For the foregoing reasons we are of opinion that the Court committed error in quashing the indictment; its judgment is therefore reversed, and the cause remanded for further proceedings in that Court.